IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

TERESA BOATRIGHT,
Plaintiff

CIVIL ACTION NO.---------

**JURY TRIAL DEMAND**

Vs.

FRED'S STORES OF TENNESSEE, INC.,
AND JAMES BOLFILK,
DEFENDANTS

**COMPLAINT**

Comes now, Teresa Boatright, Plaintiff in the above-styled action, and respectfully shows the Court as follows:

**JURISDICTION**

**1.**

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and §1343 in that a federal question is involved concerning The Family Medical Leave Act, 29 U.S.C. §2601 et seq. (hereinafter "FMLA"), the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (hereinafter "FLSA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 (e), et seq.(hereinafter "Title VII") a retaliation claim, and the Age Discrimination in Employment Act 29 U.S.C. § 621 - § 634, § 631(a), (hereinafter "ADEA").

1

## VENUE

**2.**

Venue is properly laid in this Court in that the incidents complained of occurred in this judicial district and division, specifically in Baxley, Georgia, and Defendant Fred's Stores of Tennessee, Inc. (hereinafter referred to as Fred's Stores) conducts business in this judicial district and division. Defendant James Bolfilk is a district manager employed by Fred's and has supervisory responsibility for the Fred's Store in Baxley, Georgia. Defendant Bolfilk resides within this judicial district.

## PARTIES

**3.**

(A) Plaintiff, Teresa Boatright is a citizen of the United States and a resident of Wayne County, Georgia.

(B) Defendant, Fred's Stores of Tennessee, Inc. is a Tennessee Corporation registered with the Georgia Secretary of State of Georgia to do business in Georgia. Fred's is doing business in Appling County, Georgia, and has several retail stores in this judicial district and division. Defendant Fred's Stores is subject to the jurisdiction of this Court and may be served by serving its attorney, Annarita Busbee, Esq. at Owen, Gleaton, Jones & Sweeney, LLP, 1230 Peachtree Street, Suite 1400, Atlanta, GA 30309. Fred's Stores of Tennessee, Inc. may also be served by serving its registered agent for service of process, The Corporation Process Company, which is located at 2180 Satellite Boulevard, Suite 400, Duluth, Georgia, 30097.

2

(C) Defendant, James Bolfilk is a manager employed by Fred's Retail Stores, Inc., and was Plaintiff's immediate supervisor throughout the time period during which the events occurred which are relevant to this Complaint. Defendant James Bolfilk is subject to personal liability under the Family Medical Leave Act. Defendant James Bolfilk may be served by serving his attorney, Annarita Busbee at Owen, Gleaton, Jones & Sweeney, LLP, 1230 Peachtree Street, Suite 1400, Atlanta, GA 30309, or at his personal residence in Savannah, Chatham County, Georgia.

(D) At all times relevant to the claims set forth in this Complaint, Fred's Stores, Inc. has operated a store in Baxley, Georgia. At all times relevant to the claims set forth in his Complaint, James Bolfilk was Plaintiff's immediate supervisor at the Fred's Store in Baxley, Georgia. This store is located at 365 Main Street, Baxley, Georgia.

(E) At all times relevant to the claims set forth in this Complaint, Plaintiff was an employee of Fred's Stores, within the meaning of the FMLA, the FLSA, Title VII and ADEA.

## FACTS

4.

Plaintiff is a woman, and at the time of filing this Complaint, she is fifty-two (52) years of age. Plaintiff began her employment with Defendant Fred's Stores on April 17, 2006, as store manager of the Fred's store in Baxley, Georgia. Plaintiff was continuously employed by Fred's as manager of that store until she was terminated in November, 2008. At the time that she was terminated, her weekly pay was $663.00

3

**5.**

On numerous occasions, Plaintiff requested time off because of a serious health condition. On each of these occasions, her supervisor, Defendant James Bolfilk, refused her requests for time off. Even when Plaintiff showed Mr. Bolfilk her doctor's written order for time off, Mr. Bolfilk refused to give her time off. Plaintiff reported her supervisor's refusal to give her time off to the Human Resources and Loss Prevention Departments of Fred's Stores. Soon after she made these reports, her employment was terminated by Defendant Bolfilk.

**6.**

Throughout her employment with Fred's Stores, Plaintiff was required to work six (6) days per week, twelve (12) hours per day, and eight (8) hours per day every Sunday, approximately eighty (80) hours each week. She was not permitted to leave the store for a lunch break or for any other reason unless another manager was present at the store. On numerous occasions, she requested assistance so that she could have time off, and her requests were denied.

**7.**

Plaintiff asked her supervisors about overtime pay. She was told that because she was on salary, she was not entitled to overtime pay. She was also told that because she had responsibilities for hiring and firing, she was not entitled to overtime pay. In fact, she did not have independent authority to terminate any employee's employment with Fred's. Terminations at the Baxley, Georgia Fred's Store were directed by Plaintiff's supervisor and/or the Loss Prevention Department of Fred's. Plaintiff's job description

and duties did not fall within the "executive responsibility" exemption from the Fair Labor Standards Act.

**8.**

Approximately six (6) weeks prior to the day that Plaintiff's employment was terminated, Plaintiff was informed by a cashier under her supervision that said cashier was being sexually harassed by another employee under Plaintiff's supervision. Plaintiff immediately reported this information to the Loss Prevention Department of Fred's, specifically to Mr. Jay, last name unknown. Soon after Plaintiff made this report to Loss Prevention, the employee reported for sexual harassment was terminated. Within two months of Plaintiff's report of the sexual harassment, Plaintiff's employment was terminated by Defendant James Bolfilk.

**9.**

Defendant James Bolfilk stated to Plaintiff that Fred's needed to hire young, attractive employees. After Plaintiff's employment was terminated, she was replaced by an individual under the age of forty (40).

## CAUSES OF ACTION

**10.**

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331 and 1343, in that this is an action to recover damages for violation of acts of Congress providing for equal rights of citizens, protection from discrimination on the basis of gender and age, the Family Medical Leave Act, and the Fair Labor Standards Act..

11.

Fred's Retail Stores of Tennessee, Inc. is subject to the Family Medical Leave Act, and the Fair Labor Standards Act. Fred's Stores employs twenty (20) or more employees and is an employer within the meaning of Title VII of the Civil Rights Act of 1964, and the Age Discrimination in Employment Act. Defendant Fred's Stores employs more that fifty (50) employees within seventy-five (75) miles.

12.

Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) within one hundred and eighty (180) days of the occurrence of the acts which gave rise to this Complaint. The charge was filed on the basis of age discrimination and retaliation when Plaintiff reported sexual harassment in the workplace.

13.

On or after February 22nd, 2010, Plaintiff received a Notice of Right to Sue from the EEOC. A true and correct copy of this Notice of Right to Sue is attached hereto as Exhibit "A". This civil action is instituted in the appropriate federal district court within ninety (90) days of the receipt of said notice. All preconditions necessary for filing this action have been met.

## COUNT ONE

## TITLE VII, RETALIATION

14.

Plaintiff realleges and incorporates herein all of the allegations contained in the portion of this Complaint entitled "FACTS," beginning with Paragraph 4, and continuing through Paragraph 9.

6

**15.**

On or about April 17, 2006, Plaintiff began working as a store manager for Defendants in the Baxley, Georgia Fred's Store located at 365 Main Street, Appling County, Georgia.

**16.**

In late September of 2008, Plaintiff reported that a Fred's Stores employee under her supervision was sexually harassing a cashier who was also under her supervision. In November, 2008, Plaintiff was terminated from her employment with Fred's Stores, Inc. Plaintiff's termination was in retaliation in response to her report of sexual harassment in the workplace.

## COUNT TWO

## AGE DISCRIMINATION

**17.**

Plaintiff realleges and incorporates herein all of the allegations contained in the portion of this Complaint entitled "FACTS," beginning with Paragraph 4 and continuing through Paragraph 9 .

**18.**

Throughout the time that Plaintiff was employed by Fred's Stores, she was over the age of forty (40).

**19.**

Throughout Plaintiff's employment by Fred's Retail Stores, Inc., James Bolfilk, her immediate supervisor, told her that Fred's needed to hire "young, attractive employees." Mr. Bolfilk was extremely critical of Plaintiff, and treated her differently

from the manner in which he treated younger employees. James Bolfilk treated Plaintiff differently from the employees under the age of forty (40). Plaintiff was treated differently and was terminated from her employment because of her age.

## COUNT THREE

## VIOLATION OF FAMILY MEDICAL LEAVE ACT, and RETALIATION

**20.**

Plaintiff realleges all allegations in the "FACTS" portion of her Complaint, Paragraphs 4 through 9.

**21.**

Defendants are subject to the terms and provisions of the FMLA.

**22.**

Plaintiff was employed by Defendant Fred's from April 17, 2006 through November 2008.

**23.**

On several occasions, Plaintiff requested time off for serious health conditions.

**24.**

Plaintiff's requests for time off were repeatedly denied by her supervisor, James Bolfilk. Plaintiff developed stress-related illness because she never was permitted to take time off work. On one occasion, Plaintiff was at home with a severe dental problem. Her doctor had given her pain medication and told her not to drive in to work. James Bolfilk called her at home and insisted that she come in to work, which she did, despite his receipt of a copy of her doctor's order.

8

**25.**

On another occasion, Plaintiff received a doctor's order stating that she needed time off to rest. Even after reviewing this doctor's order, James Bolfilk refused to give Plaintiff time off work. Plaintiff reported this refusal to the director of Human Resources and Loss Prevention Departments of Defendant Fred's.

**26.**

Plaintiff complied with all terms and notices related to her requests for time off under the FMLA.

**27.**

Defendants interfered with Plaintiff's rights under the FMLA, and retaliated against her for attempting to exercise her rights under the FMLA.

## COUNT FOUR

## FAIR LABOR STANDARDS ACT

**28.**

Plaintiff realleges and incorporates herein all of the allegations stated in the "FACTS" portion of this Complaint, Paragraphs 4 through 9.

**29.**

Defendant Fred's Stores, Inc. is subject to the Fair Labor Standards Act.

**30.**

Plaintiff was employed by Defendant Fred's Stores from April 17, 2006 through November, 2008.

9

**31.**

Defendant required Plaintiff to work twelve (12) hours per day, six days per week, and eight (8) hours per day on Sundays each week. Plaintiff routinely worked eighty (80) hours per week, occasionally ninety (90) hours per week.

**32.**

Plaintiff was not permitted to leave the Baxley Fred's Store unless another manager was present. On numerous occasions, Plaintiff requested time off, and/or relief through the assistance of another manager or assistant manager. Every time she made such a request, except for once, no time off or assistance was provided to her.

**33.**

On one occasion, an assistant manager by the name of Carla was assigned responsibility for the Baxley Fred's Store so that Plaintiff could take a weekend off. When this occurred, Defendant James Bolfilk upbraided Plaintiff for "leaving the store unattended." He did not write Plaintiff up for this alleged lapse, however.

**34.**

Defendants repeatedly violated the provisions of the Fair Labor Standards Act with respect to Plaintiff's employment by Fred's.

**35.**

Soon after Plaintiff reported to Human Resources and Loss Prevention that her supervisor would not allow her time off or overtime, she was terminated.

## COUNT FIVE

## INTENTIONAL INFLICTION OF EMOTIONAL HARM

**36.**

Plaintiff realleges the foregoing paragraphs and incorporates them as if restated herein.

**37.**

Defendant Bolfilk's constant discriminatory and disparaging treatment of Plaintiff and refusal to give Plaintiff a day off resulted in her developing physical stress and illness. Defendant Bolfilk refused her requests on multiple occasions. As Plaintiff began to suffer greater physical effects from job stress, she developed health problems. Her physician ordered her to take days off to rest.

**38.**

Plaintiff delivered her doctor's written order to take time off to Defendant Bolfilk, but he still refused to allow Plaintiff any time off. Finally, Plaintiff had an episode of severe symptoms at work, which she believed to be a heart attack. Plaintiff had to be transported by ambulance from her workplace to the hospital. Plaintiff did not suffer a heart attack, but underwent a heart catheterization.

**39.**

Defendants' termination of Plaintiff's employment was retaliatory and in violation of Plaintiff's rights protected by federal law.

**40.**

Defendants' violation of Plaintiff's rights were intentional and reckless. Defendants were deliberately indifferent to the requirements of federal law.

11

**41.**

Defendants' actions caused Plaintiff to suffer past, present and future severe mental pain, suffering, humiliation and emotional distress as the natural result thereof.

**42.**

Plaintiff is entitled to recover general damages from Defendants for their acts of intentional and reckless infliction of emotional distress.

## COUNT SIX

## PUNITIVE DAMAGES

**43.**

Plaintiff realleges the foregoing paragraphs and incorporates them as if restated herein.

**44.**

Defendants engaged in the discriminatory practices set forth above with malice and with reckless indifference to the federally protected rights of Plaintiff.

**45.**

Defendants' actions showed willful misconduct, malice, fraud, wantonness, oppression, and an entire want of care showing conscious indifference to the consequences.

**46.**

Accordingly, Plaintiff is entitled to recover punitive damages.

## COUNT SEVEN

## EQUITABLE RELIEF

**47.**

Plaintiff realleges the foregoing paragraphs and incorporates them as if stated herein.

**48.**

Plaintiff will suffer irreparable harm, having no adequate remedy at law unless equity intervenes to require Defendants to cause Plaintiff to be restored to her rightful position and to prevent any discrimination against her by Defendants in the future.

## DAMAGES

**49.**

Plaintiff has suffered as a result of Defendants' illegal conduct and seeks all remedies and damages allowed under the retaliation provision of Title VII of the Civil Rights Act, the ADEA, the FMLA and the FLSA.

**50.**

Defendants' actions directly and proximately caused Plaintiff to lose wages, medical insurance, vacation days and vacation pay, and all other benefits provided through her employment.

**51.**

Defendants' actions caused Plaintiff to suffer severe mental pain, humiliation, and emotional distress.

WHEREFORE, Plaintiff prays:

1. That the Court impanel a jury to hear her cause;

2. That the Court find and declare that Plaintiff has suffered from violation of the FMLA, the FLSA, and Title VII of the Civil Rights Act and the ADEA at the hands of Defendants, or their agents, servants, and employees;

3. That the Court order that Plaintiff be reinstated as of November 2008 to the position of Store Manager at Fred's Store in Baxley, Georgia;

4. That Plaintiff be reinstated with any promotion she would have received had she not been wrongfully terminated;

5. That Plaintiff be awarded the back pay she would have earned together with interest and related monetary and other benefits she would have received had she not been wrongfully terminated in November 2008;

6. Or, in the alternative, Plaintiff seeks front pay and benefits;

7. That the Court order such further equitable and injunctive relief as the Court deems appropriate to correct the conditions of discrimination complained of herein;

8. That Defendants pay Plaintiff's costs of this suit, together with reasonable attorney's fees and litigation costs, and

9. That punitive damages, exemplary damages, sick pay and vacation pay, and bonuses which she was wrongfully denied, plus interest in such same sum as the jury deems proper;

10. That Plaintiff be awarded damages against Defendant for emotional, mental, physical, psychological and financial damage as allowed by law to be shown at trial, and

11. That Plaintiff be awarded damages for intentional infliction of emotional distress as allowed by law to be shown at trial.

12. Plaintiff seeks liquidated damages as permitted by the FMLA;

13. Plaintiff seeks interest on her damages as provided for by law.

14. Plaintiff seeks recovery of her attorney's fees, expert witness' fees, and costs associated with this action as provided by law.

15. That Defendants be ordered to compensate Plaintiff and make her whole;

16. That Plaintiff recover damages as provided by the FLSA, specifically including but not limited to payment for her overtime hours at the rate of time and one half;

17. That Plaintiff recover interest on her damages at the legal rate;

18. For such other and further relief as the Court may deem just or proper.

This 17th day of May, 2010.

/s/ Rita C. Spalding
RITA C. SPALDING
Attorney for Plaintiff
Georgia Bar No. 108640

1522 Richmond Street
Brunswick, GA 31520
Telephone (912) 261-8686
Facsimile (912) 261-8689

15

STATE OF GEORGIA
COUNTY OF GLYNN

## **VERIFICATION**

PERSONALLY appeared before the undersigned attesting official duly authorized to administer oaths, TERESA BOATRIGHT, duly sworn deposes and states on oath that the facts, contained in the foregoing **COMPLAINT** are true and correct to the best of her knowledge, information and belief.

Sworn to and subscribed before me,
this the ___ day of ~~December, 2009.~~ 2010

_____
Notary Public
My Commission Expires: 10/08/12

_____
TERESA BOATRIGHT
Plaintiff